UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BRAYAN M.O., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and JOEL BROTT, Sheriff of Sherburne County, <br><br> Respondents. | Case No. 26-CV-517 (NEB/JFD) <br><br><br> ORDER ON <br> PETITION FOR <br> WRIT OF HABEAS CORPUS |

This matter is before the Court on Petitioner Brayan M.O.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Brayan M.O. is a citizen of Honduras who has lived in the United States since approximately 2011.[1] (*Id.* ¶ 16.) He has a pending U visa application and a valid work permit. (*Id.* ¶ 17.) Over the last six years, Brayan M.O. has been an active member of his community church in St. Paul. (*Id.* ¶ 18.) He has no criminal record. (*See id.*)

---

[1] Respondents do not refute the allegations in the Petition.

On January 2, 2026, Immigration and Customs Enforcement ("ICE") took Brayan M.O. into custody without a warrant. (*Id.* ¶¶ 19, 53.) He was brought to the Sherburne County Jail, but he is not visible on ICE's Online Detainee Locator or the Sherburne County jail roster's online search feature. (*Id.* ¶ 19.) Afterwards, Brayan M.O. filed this habeas action challenging his detention under 28 U.S.C. § 2241.

Brayan M.O. is one of hundreds of petitioners in this District who have challenged their detention by ICE. Like those petitioners, Brayan M.O. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since he entered the country over 15 years ago, Brayan M.O. asserts that Section 1226, rather than Section 1225, applies. He therefore argues that his detention under Section 1225(b)(2) violates the Fifth Amendment, INA, and the Administrative Procedure Act.

The Court has already concluded that petitioners similarly situated to Brayan M.O. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No.

2

25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Brayan M.O. while he was entering the United States. Instead, he was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents largely concede that the Court's decision in *R.E.* controls Brayan M.O.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint. (ECF No. 6 at 3–7.) The Court recognizes, but is not persuaded by,

3

the minority viewpoint, including the additional cases cited by Respondents; it has already considered and rejected the minority viewpoint.[2]

Respondents factually distinguish *R.E.* by pointing to Brayan M.O.'s pending U visa application. (ECF No. 6 at 7–8.) A U visa is a nonimmigrant status granted to certain crime victims who cooperate with and assist law enforcement in investigating or prosecuting qualifying criminal activity. *Islas-Saldana v. Garland*, 59 F.4th 927, 929 (8th Cir. 2023). Like numerous other courts, the Court concludes that a pending U visa application does not transform someone who has resided in the country for years into someone "seeking admission" for Section 1225 purposes. *Victor F.M. v. Bondi*, No. 25-CV-4778 (ECT/SGE), 2026 WL 25968, at *2 (D. Minn. Jan. 5, 2026) (concluding same and collecting cases). Brayan M.O. is thus not subject to mandatory detention under Section 1225.

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Brayan M.O. requests immediate release, while Respondents assert that a bond hearing would be the proper remedy. Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, which is required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*,

---

[2] The Court notes that Respondents' arguments to the contrary are preserved for appeal.

26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

Brayan M.O. asserts that his arrest was warrantless. The Court ordered Respondents to produce evidence to establish the lawfulness and correct duration of Brayan M.O.'s detention in light of issues raised by the habeas petition. Respondents did not submit a warrant to support Brayan M.O.'s arrest. Because a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Brayan M.O.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-CV-437, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). The Court orders the immediate release of Brayan M.O.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

    a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

    b.    ENJOINS Respondents from moving Petitioner outside of Minnesota prior to his release. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return and release Petitioner in Minnesota;

    c.    ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel, but not later than 24 hours after entry of this Order;

    d.    ORDERS that Respondents release Petitioner in Minnesota with all of his personal effects;

    e.    ENJOINS Respondents from implementing any condition of release, including ICE's "Alternatives to Detention" measures, which include ankle monitors, body-worn GPS, telephonic tracking, or use of the SmartLINK Mobile Application without seeking further order from this Court; and

    f.    ORDERS that, within **two days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 24, 2026  BY THE COURT:
Time: 7:05 p.m.  s/Nancy E. Brasel
　　　　　　　　　　　　　　　　Nancy E. Brasel
　　　　　　　　　　　　　　　　United States District Judge